BYERS AS NEXT FRIEND v. THE LESSEES OF THE DES MOINES VALLEY RAILROAD COMPANY.

1. Justice of the peace: PLEADINGS AND EVIDENCE. In an action in a justice's court for the loss of a trunk, the plaintiff may prove how the trunk came into the hands of the defendant, and the manner of the loss under a general claim.

2. Minor: NEXT FRIEND. An infant may bring an action by his next friend, and in such action it is proper to prove infancy.

*Appeal from Mahaska District Court.*

MONDAY, JUNE 25.

THE petition, filed before a justice of the peace, is as follows:

"J. M. BYERS, as next friend of J. W. BYERS,
  v.
Lessees of the Des Moines Valley Railroad Co., to wit: DAVID KILBOURNE, WILLIAM LEIGHTON, H. T. REID and C. H. PERRY.

" The plaintiff, J. M. Byers, as next friend of J.W. Byers, claims of the lessees of the Des Moines Valley Railroad Company, or defendants, David Kilbourne, William Leighton, H. T. Reid and C. H. Perry, the sum of ninety-nine dollars and ninety-nine cents for the loss of a trunk, and the contents of it as set forth in the following account marked (A), and he asks judgment for the same.

CROOKHAM & RHEINHART,

*Attorneys for Plaintiff.*"

The account was duly annexed, and before the justice, defendant made a general denial. Plaintiff was there unsuccessful, and appealed to the District Court. In that court plaintiff offered to prove that J. W. Byers was a minor; that Kilbourne and the other defendants named were the lessees of said company; and that plaintiff (J. W. B.), took passage on said railroad at Ottumwa for Oskaloosa, Iowa, and placed his trunk in the hands of an officer of said company, to be transported, &c., the same being his baggage; to which defendants objected; the objection was overruled; they excepted, and now appeal.

*Seevers & Williams* for the appellants.

*J. A. L. Crookham* for the appellee.

WRIGHT, J.—These objections were each untenable, and hence properly overruled. The action was commenced before a justice of the peace, and there was sufficient stated in the petition to prevent the defendant from being taken by surprise by the proposed testimony. It was not necessary to set out the particular manner of the loss, nor how the trunk came into the hands of defendants to authorize the proof. If not sufficiently specific, defendants could have moved for such statements. Instead of this they denied generally the petition, and under this issue, plaintiff might prove whatever was necessary to establish the substantial cause of action therein alleged. An infant may sue by his next friend. Revision, § 2777. And to prove such infancy, and hence the right to thus sue, was perfectly legitimate. Nor can there be any reasonable doubt from the petition that the persons named were sought to be charged as the lessees of the road. To adopt the rule contended for by appellants, would require a strictness of pleading, scarcely exacted in the District Court.

*1. JUSTICE OF THE PEACE: pleadings and evidence.*

*2. MINOR: next friend.*

Affirmed.